IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID C. MISNER<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN E. POTTER, Postmaster General, and THE UNITED STATES POSTAL SERVICE,<br><br>    Defendants. | ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br><br><br>Case No. 2:07-CV-330 TS |

This matter comes before the Court on Defendant's Motion for Judgment on the Pleadings[1] under Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, this Motion is granted.

  I.  Background Facts

Plaintiff is David C. Misner ("Plaintiff"). Defendants are John E. Potter, Postmaster General ("Potter") and the United States Postal Service ("USPS"). This case is a putative class action suit brought pursuant to the Age Discrimination in the Employment Act of 1967 ("ADEA"), 29 U.S.C. § § 621, *et seq.*, specifically Section 15 of the ADEA, 29 U.S.C. § 633.

---

[1]Docket No. 11.

1

Plaintiff contends that starting in 2003, he was excluded from advancement into an executive-level position with the USPS because of his age.  In addition, Plaintiff contends that Defendants have followed policies and practices to deny qualified USPS employees over 50 years of age from promotion to executive level positions within the organization.

      II.      Procedural History

Plaintiff filed a formal administrative complaint of discrimination with the Defendants' Equal Employment Opportunity Office on or about June 2, 2005.  In a letter dated July 7, 2005, Plaintiff requested that the complaint be processed as a class complaint.  An administrative judge issued an Order Denying Class Certification on August 14, 2006, and the USPS received a copy of this order on August 24, 2006.  The agency implemented the decision of the administrative judge and the Notice of Final Action was mailed by first class mail to Plaintiff on August 29, 2006.  In that Notice of Final Action, Plaintiff was informed of his right to appeal the USPS' final action to the Director, Office of Federal Operations, Equal Employment Opportunity Commission ("EEOC") within thirty (30) days of the receipt of the final action.  Plaintiff was also informed of his right to file a civil action in an appropriate United States District Court within ninety (90) calendar days of the date of receipt of the final action.

Plaintiff did not file an appeal with the Office of Federal Operations of the EEOC concerning the class complaint.  Plaintiff did not file the instant complaint with the district court until May 18, 2007, more than eight months after receipt of the USPS' final decision.  In his Complaint, Plaintiff asserts two putative class claims, disparate impact and disparate treatment, and one individual claim, disparate treatment.

Defendants filed a motion for judgment on the pleadings under Rule 12(c),[2] asserting that 1) Plaintiff's class claims are time-barred; and 2) the USPS is not a proper defendant in this action, therefore judgment on all claims against the USPS should be granted.  Plaintiff responds that Defendants' motion is improperly filed under Rule 12(c) and that the filing requirements should be waived.

### III. Discussion

#### 1. Rule 12(c) and Rule 12(b)(6)

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[3]  The same standard is used when evaluating 12(b)(6) and 12(c) motions.[4]  Rule 12(c) may be invoked when claims are barred by an applicable statute of limitations.[5]  In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party.[6]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[7]  All well-pleaded factual allegations in the

---

[2] Fed. R. Civ. P. 12(c) states that "[a]fter pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings."

[3] *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[4] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[5] See *Hamilton v. Cunningham*, 880 F. Supp. 1407, 1410 (D. Colo. 1995).

[6] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[7] *Bell Atlantic Corp. v. Twombly*, ___ U.S. __, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint where Plaintiffs "have not nudged their claims across the line from conceivable to plausible").

Complaint are accepted as true and viewed in the light most favorable to the nonmoving party.[8]

Plaintiff argues that this motion is improperly filed under Rule 12(c) and cites *Anjelino v. New York Times, Co.*[9] in support of his position that this motion should have been filed under Rule 12(b)(6).  Defendants argue that the motion is properly filed as a "Rule 12(c) motion because it was filed after the pleadings had closed, whereas Rule 12(b)(6) provides that a 'motion making any of these defenses shall be made before pleading if a further pleading is permitted.'"[10]

In *Anjelino*, the court evaluated the difference between Rule 12(b)(1) and Rule 12(b)(6), thus it is inapplicable here.  The Tenth Circuit has adopted the same standard for evaluating Rule 12(c) and Rule 12(b)(6) motions and has applied Rule 12(c) in situations like this one, where the issue is timeliness of filing.  Therefore, the Court finds that this motion is properly filed under Rule 12(c).

      2.    Time-barred class claims

Under 29 C.F.R. § 1614.408(a), a complainant may file an action in federal court within 90 days of receipt of the final action from the agency, if no appeal has been filed.  The same limitations periods of Title VII apply to federal sector claims under the ADEA.[11]  With respect to Title VII suits, the Tenth Circuit had found that compliance with the filing requirements "is not a jurisdictional prerequisite, rather it is a condition precedent that functions like a statute of

---

[8]*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[9]200 F.3d 73, 87 (3d Cir. 1999).

[10]Def.'s Reply Mem. at 1.

[11]*Jones v. Runyon*, 32 F.3d 1454, 1457 (10th Cir. 1994).

limitations and is subject to waiver, estoppel and equitable tolling."[12]  Those principles have been applied in cases where the plaintiff has been actively misled or lulled into inaction by the past employer, state or federal agencies, or the court.[13]

     Neither party disputes that the individual claims were timely filed.  However, Defendants contend that because the Notice of Final Action on the administrative class complaint informed the Plaintiff of his right to either appeal the Postal Service's final action or to file a civil action, and the Plaintiff failed to do either within the prescribed time limits, the class claims are now barred.  Defendants do not dispute that like Title VII, the ADEA filing requirements are also subject to waiver, estoppel and equitable tolling, but argue that those remedies are inappropriate here.  Plaintiff argues that judicial efficiency and the principles of waiver, estoppel and equitable tolling support his position that Defendants' motion should be denied.

     The Court finds that Plaintiff's class claims are time-barred.  The time limits are clearly set forth in the regulations and were included in the Notice of Final Action sent to Plaintiff.  Plaintiff had the opportunity to pursue either an appeal with the EEOC or file suit in this court, but elected to do neither in a timely fashion.  Courts have recognized that timeliness requirements may be subject to waiver, estoppel or equitable tolling in situations involving facts not found here, such as failure of the agency to raise timeliness grounds at the district court level,[14] or "where the plaintiff has in some extraordinary way been prevented from asserting his

---

[12]*Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[13]*Johnson v. U.S.P.S.*, 861 F.2d 1475, 1480-1481 (10th Cir. 1988).

[14]*Monreal v. Potter*, 367 F.3d 1224, 1231 (10th Cir. 2004).

rights."[15]  In this case, the Plaintiff sets forth no facts indicating that he was actively misled or lulled into inaction, and was thus precluded from meeting the ninety-day deadline.

        3.    Improper Defendant

Section 2000e-16(c) of Title 42 of the United States Code provides that in Title VII actions, "the head of the department, agency, or unit, as appropriate, shall be the defendant."  The Tenth Circuit has held that the Postmaster General is the proper defendant in cases pursuant to 42 U.S.C. § 2000e-16(c).[16]  The Tenth Circuit has also recognized that certain provisions of the ADEA and Title VII are similar and have looked to one in construing the other.[17]

Defendants contend that the United States Postal Service is an improper defendant, citing several cases from other circuits that have addressed this issue and have concluded that the postmaster general is the only proper defendant in Title VII cases and the same rule should apply to actions under the ADEA.[18]  Plaintiff does not address this issue in its opposition brief.

The Court finds that the United States Postal Service is an improper defendant.  A review of Tenth Circuit case law indicates that the Postmaster General is the properly-named defendant in both Title VII and ADEA suits.  Further, Plaintif concedes this point by his failure to address it in his opposition brief.

    IV.    Conclusion

For the foregoing reasons, it is therefore

---

[15] *Million*, 47 F.3d at 398 (citing *Carlile v. South Routt Sch. Dist. RE 3-J*, 652 F.2d 981, 985 (10th Cir. 1981) (internal quotations omitted)).

[16] *Johnson*, 861 F.2d at 1478.

[17] *See Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1165 n. 6 (10th Cir. 2007).

[18] Defs.' Mem. at 8 (Docket No. 15).

ORDERED that Defendants' Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.  The only remaining claim is Plaintiff's individual claim against Mr. John E. Potter, Postmaster General.

DATED   February 12, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge